1
2
3
4
5
6
7
8

**United States District Court**
For the Northern District of California

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANDISK CORPORATION,                    No. C 11-00597 CW

   Plaintiff,              ORDER DENYING
                                        DEFENDANT'S
  v.                            MOTION TO DISMISS
                                        (Docket No. 10)
MOBILE MEDIA IDEAS LLC,

   Defendant.
_____/

  Plaintiff SanDisk Corporation seeks a declaratory judgment of invalidity, unenforceability and non-infringement of nineteen patents owned by Defendant Mobile Media Ideas LLC (MMI).  MMI moves to dismiss SanDisk's action for lack of subject matter jurisdiction.  SanDisk opposes the motion.  The motion will be decided on the papers.  Having considered the papers submitted by the parties, the Court DENIES MMI's motion.

        BACKGROUND

  This declaratory judgment action concerns U.S. Patent Nos. 6,427,078; 5,812,954; 5,490,170; 5,557,541; 5,841,979; 5,914,941; 6,002,390; 6,125,143; 6,385,386; 6,393,430; 6,441,828; 6,446,080; 6,549,942; 6,975,732; 7,190,971; 7,313,647; 7,349,012; 6,725,155; and 7,111,069, all of which are allegedly owned by MMI.

On April 16, 2010, MMI allegedly invited SanDisk to enter into patent license negotiations regarding the patents-in-suit, which MMI believed were infringed by SanDisk's digital media players.  On multiple occasions since then, MMI allegedly has accused SanDisk and its customers of infringing the patents-in-suit and invited SanDisk to discuss potential licensing arrangements.

On January 27, 2011, an MMI employee emailed SanDisk, stating, "Because Sandisk continues to offer products that make use of at least some of MMI's patents, your products remain unlicensed leaving both Sandisk and its customers with patent infringement liability."  Lippetz Decl., Ex. B.

SanDisk initiated this action on Wednesday, February 9, 2011.  On February 15, 2011, another MMI employee emailed a SanDisk employee, stating,

> MMI offered SanDisk a license under certain MMI patents which we understand are utilized in SanDisk's media player products, and we proposed the meeting for last Wednesday to discuss that further.  A few hours prior to that meeting, however, MMI was informed that SanDisk had previously obtained a license under those patents from the prior owner.  Therefore, there was no need to get together and the meeting was cancelled.
>
> In light of this, MMI does not intend to assert its current portfolio of patents against SanDisk's current line of products.  And because there is no dispute between the parties, there is no reason for SanDisk to continue pursuing its action against MMI and we will cooperate with you in the withdrawal of your complaint.

Horn Decl., Ex. A.

In his declaration, MMI's CEO Lawrence Horn states,

> MMI has no basis to sue SanDisk for infringement of any of the patents identified in the Complaint based on any of SanDisk's media player products as they currently exist.  Instead, as to seventeen of the nineteen patents identified in the Complaint, SanDisk obtained a license

2

**United States District Court**
For the Northern District of California

from the prior owner, allowing it to use the patented
technology.  As to the remaining two patents identified
in the Complaint, SanDisk's current products do not
infringe those patents.

Horn Decl. ¶ 3.  MMI now "stipulates and covenants that it will not

sue SanDisk, now or in the future, for infringement of any of the

patents identified in SanDisk's Complaint filed in this action on

February 10, 2011 [sic], based upon past or current versions of

SanDisk's media player products."  Horn Decl. ¶ 4.

LEGAL STANDARD

Subject matter jurisdiction is a threshold issue which goes to

the power of the court to hear the case.  Federal subject matter

jurisdiction must exist at the time the action is commenced.  <u>GAF</u>

<u>Building Materials Corp. v. Elk Corp. of Dallas</u>, 90 F.3d 479, 483

(Fed. Cir. 1996).  To sustain subject matter jurisdiction in the

declaratory judgment context, an "actual controversy" must exist.

<u>Janssen Pharmaceutica, N.V. v. Apotex, Inc.</u>, 540 F.3d 1353, 1359

(Fed. Cir. 2008).  When such a controversy is lacking, dismissal is

appropriate under Rule 12(b)(1) because the district court lacks

subject matter jurisdiction over the claim.  Fed. R. Civ. P.

12(b)(1).

BACKGROUND

MMI argues that, because of its covenant not to sue, SanDisk

does not present an actual controversy and this action must be

dismissed for lack of subject matter jurisdiction.  SanDisk

contends that, because MMI's covenant does not include a promise

not to sue SanDisk's customers, an actual controversy remains.

The Declaratory Judgment Act permits a federal court to

3

"declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. Before passage of the Act, "competitors were victimized by patent owners who engaged in extrajudicial patent enforcement with scare-the-customer-and-run tactics that infected the competitive environment of the business community with uncertainty and insecurity and that rendered competitors helpless and immobile so long as the patent owner refused to sue." Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330, 1336 n.2 (Fed. Cir. 2007) (citations, internal quotation and editing marks omitted). The Act "was intended 'to prevent avoidable damages from being incurred by a person uncertain of his rights and threatened with damage by delayed adjudication.'" Cat Tech LLC v. Tubemaster, Inc., 528 F.3d 871, 879-80 (Fed. Cir. 2008).

The "actual controversy" requirement of the Act is the same as the "case or controversy" requirement of Article III of the United States Constitution. Teva, 482 F.3d at 1337. To determine whether an actual controversy exists, a court must consider whether "all the circumstances" demonstrate "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (citation and internal quotation marks omitted). Exercise of declaratory judgment jurisdiction is discretionary. Cat Tech LLC, 528 F.3d at 883.

A patentee's covenant not to sue may preclude a declaratory judgment action. Revolution Eyeware, Inc. v. Aspex Eyeware, Inc.,

United States District Court
For the Northern District of California

4

556 F.3d 1294, 1296-98 (Fed. Cir. 2009).  "Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." Id. at 1297.

MMI's covenant not to sue is not sufficient to extinguish the actual controversy in this case.  By only addressing SanDisk, MMI's covenant does not eliminate the possibility that SanDisk's customers may face a patent infringement lawsuit by MMI.  In the face of this uncertainty, SanDisk's relationships with its customers could suffer, causing harm to SanDisk's business.  MMI contends that there can be no controversy as to SanDisk's customers because it has never sued or contacted them.  However, in correspondence to SanDisk, MMI accused SanDisk's customers of patent infringement and indicated that they are susceptible to liability.  Although MMI may not have interacted with SanDisk's customers, its statements to SanDisk evince "an assertion of rights and a willingness to pursue litigation" regarding the patents-in-suit.  Cingular Wireless v. Freedom Wireless, Inc., 2007 WL 1876377, at *3 (D. Ariz.).

MMI contends that, while its covenant not to sue does not expressly pertain to SanDisk's customers, it affords them protection from suit based on the patent exhaustion doctrine.  MMI cites TransCore LP v. Electric Transaction Consultants Corp., in which the Federal Circuit held that an alleged infringer had a defense of patent exhaustion[1] because it purchased the accused

---

[1] "The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." Quanta Computer, Inc. v. LG Elecs., Inc., 553 U.S. 617, 625 (2008).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

product from an entity that the patentee had covenanted not to sue
as part of a settlement.  563 F.3d 1271, 1276-77 (Fed. Cir. 2009).
The court explained that, because the covenant was unconditional,[2]
it authorized sales of the accused product for the purposes of
patent exhaustion.  <u>Id.</u> at 1276.  Absent a sale, however, the
patent exhaustion doctrine does not apply and a SanDisk customer
may be exposed to liability.  <u>Quanta</u>, 553 U.S. at 625.
Furthermore, patent exhaustion is an affirmative defense for which
the alleged infringer has the burden of proof.  <u>ExcelStor Tech.,
Inc. v. Papst Licensing GMBH & Co. KG</u>, 541 F.3d 1373, 1376 (Fed.
Cir. 2008); <u>Monsanto Co. v. Scruggs</u>, 459 F.3d 1328, 1334 (Fed. Cir.
2006) (referring to patent exhaustion as an affirmative defense).
Although MMI insists that its covenant as to SanDisk equally
shields SanDisk's customers, MMI's unexplained reluctance to
promise expressly not to sue them raises concern.  Thus, because
MMI's covenant does not eliminate all uncertainty for SanDisk's
customers, it does not end the controversy in this case.

The Court concludes that, considering the totality of the
circumstances, "there is a substantial controversy, between parties
having adverse legal interests, of sufficient immediacy and reality
to warrant the issuance of a declaratory judgment."  <u>MedImmune</u>, 549
U.S. at 127.  Until MMI expressly covenants not to sue SanDisk's
customers for infringement of any of the patents-in-suit based upon
past or current versions of SanDisk's media player products, this

---

[2] The settlement agreement provided that the patentee "agrees
and covenants not to bring any demand, claim, lawsuit, or action
against . . . for future infringement . . . ."  <u>TransCore</u>, 563 F.3d
at 1276.

1  case will not be dismissed.

2                              CONCLUSION

3       For the foregoing reasons, MMI's motion to dismiss is DENIED.

4  (Docket No. 10.)

5       A case management conference will be held on May 31, 2011 at

6  2:00 p.m.

7       IT IS SO ORDERED.

8

9  Dated: 5/23/2011

10                              CLAUDIA WILKEN
                                United States District Judge